

June 14, 2016

**VIA ECF AND EMAIL**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
Courtroom: 618
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:  Motion to Dismiss, Hilderbrand, et al. v. Downing Inv. Partners, LP, et al., 16-cv-04040

Dear Judge Failla:

I am counsel for Downing Investment Partners, LP; Downing Partners, LLC; Downing Health Technologies, LLC f/k/a Downing Digital Healthcare Group, LLC; Surgical Safety Solutions Interactive, LLC; Surgical Safety Solutions, LLC; Downing Medical Device Group, LLC; 3SI Systems, LLC; David W. Wagner; Michael H. Shaut; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Greg Auda; Marco Zenati; George Robbie; and Glenn Haufler, (referred to herein collectively as the "Downing Defendants"), in the above-referenced matter.  I am writing pursuant to your Honor's individual rules 2(A) and 4(A) because the Downing Defendants expect to file a motion to dismiss, which is not on consent of all the parties.  Plaintiffs oppose this motion.  The Downing Defendants are unaware of the other Defendants' positions as to this motion.

As an initial matter, the Downing Defendants plan to move to dismiss on behalf of the following entities on the grounds that they are either non-existent entities or are no longer operating under the names in the complaint: Downing Health Technologies, LLC f/k/a Downing Digital Healthcare Group, LLC, and Surgical Safety Solutions LLC (all renamed as 3SI Systems LLC, which is named as a Defendant); Surgical Safety Solutions Interactive LLC (non-existent entity), and Downing Medical Device Group, LLC (non-existent entity).  *See* **Exhibit A**.

    **Plaintiffs' Fail to State Claims for Fraudulent Inducement, Fraud, or Securities Fraud**

The Downing Defendants intend to move to dismiss Plaintiffs' seventh, eighth, and tenth causes of action, all rooted in fraud, as deficient because they are not plead with the requisite level of particularity as required by Federal Rule of Civil Procedure Rule 9(b).  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig*, 379 F. Supp. 2d 348 (S.D.N.Y. 2005) ("A fraud claim should specify the who, what, when, where, and how of the alleged fraud.  Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of [its] alleged participation in the fraud.") (internal citations and quotations omitted).



The thrust of Plaintiffs' fraud claims are that the Downing Defendants represented to Plaintiffs that they would be paid their salaries and receive a return on their investments, while other employees were not being paid.  Plaintiffs' fraud claims rely on conclusory allegations that a blanket group of the Downing Defendants made some unspecified omission or misrepresentation without reference to the content of the misrepresentation, who specifically made it, when it was made, or to which of the Plaintiffs it was made.  In addition, Plaintiffs fail to specify when *each* of the Downing Defendants made the representation to each of the Plaintiffs.

The employment agreements, which are referenced in the complaint but not attached, only indicate "Downing Health Technologies LLC" and "Downing Digital Healthcare Group, LLC" (now 3SI Systems LLC) and are signed by defendants Brad Pulver or Marc Lawrence.  **See Exhibits B, C, and D**.  Nevertheless, Plaintiffs lump all of the defendants together in their allegations regarding employment offers without stating, with any particularity, when the representations regarding employment were made, by whom, or to whom. (Complaint ¶¶37–46). The allegations even contain the modifiers "and/or" with regard to which defendants made the representations. (Complaint ¶¶ 37–46).  Plaintiffs' fraud claims, regarding omissions against the defendants not referenced in the employment offers, are not plausible.  It is not clear from the allegations when those Defendants would have had occasion to contact the Plaintiffs to omit material information about their employment or investments.

Plaintiffs' tenth cause of action for violation of federal securities laws is also subject to the heightened pleading standards under the Private Securities Litigation Reform Act of 1995 (PSLRA).  Plaintiffs' allegations with respect to the Downing Private Placement do not show scienter for each of the Downing Defendants, do not state when or where each of the Downing Defendants made the misrepresentations (Plaintiffs again list the Downing Defendants with an "and/or" modifier), and do not adequately allege loss causation.  (Complaint ¶¶39, 40, 146).

Although Plaintiffs state that the representations regarding the Downing Defendants were false, they do not state why they were false or even that the Downing Defendants knew them to be false at the time they were made.  Complaint ¶40; *Rombach v. Chang,* 355 F.3d 164, 174 (2d Cir. 2004) (Plaintiffs "must do more than say that the statements . . . were false and misleading; they must demonstrate with specificity why and how that is so.").  These allegations do not come close to pleading scienter for the Downing Defendants.  *See* 15 U.S.C. §78u-4(b)(2) ("[T]he complaint shall . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.").

Plaintiffs claim that they were induced into investing $250,000 each by the Downing Defendants' alleged misrepresentations, but fail to show loss causation – that the value of their investment would have been greater had the representations regarding the Downing Private Placement been true.  *See AUSA Life Ins. Co. v. Ernst & Young*, 206 F. 3d 202, 225–226 (2d Cir. 2000) ("Loss causation requires the plaintiffs to prove more than simply that [defendant] induced them to enter into an ultimately unsuccessful investment.").  Further, Plaintiffs' allegations regarding a Ponzi scheme do not support their PLSRA or other fraud claims because they are "on

11766 Wilshire Blvd., Suite 1670 Los Angeles, California 90025  *tel.* (310) 593-9890  *fax* (310) 593-9980  BNSKLAW.COM



information and belief" without the requisite "statement of the facts upon which the belief is based."  Complaint ¶¶48; 59–62, 65–66; *In re Methyl*, 379 F. Supp. 2d at 369.

### Plaintiffs' Fail to State a Claim for Violations of Labor Laws

Plaintiffs first through fifth causes of action also fail to state a claim as to Downing Investment Partners, LP; Downing Partners, LLC; Surgical Safety Solutions LLC; Downing Medical Device Group, LLC; Wagner; Buckingham; Pila; Giffin; Robbie; Haufler; and Auda (the "Non-Employer Defendants") because those Defendants cannot be considered Plaintiffs' employers under the Fair Labor Standards Act, New York, California, or Ohio law.  The employment contracts were for employment by Downing Health Technologies LLC or Downing Digital Healthcare Group, LLC (now 3SI Systems, LLC) and signed by Defendants Pulver or Lawrence.  *See* Exs. B, C, and D.

Plaintiffs state no facts to support the argument that the Non-Employer Defendants had the requisite control or involvement be considered Plaintiffs' employers under the FSLA, New York, Ohio, or California Law.  *See Herman v. RSR Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (employer status is determined by looking to whether the alleged employer: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions . . . (3) determined the rate and method of payment; (4) and maintained employment records."); *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013) (mere "[o]wnership, or a stake in a company, is insufficient to establish that an individual is an "employer"); 29 U.S.C.A. § 203 (West) ("(d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee"); Cal. Labor Code § 558.1 ("Any employer or other person acting on behalf of an employer, who violates, or causes to be violated . . . Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer.").  Plaintiffs lump these Defendants in with others without explaining their individual relationships with Plaintiffs as employees.  *See e.g.* Complaint ¶¶36, 37, 57.

For the foregoing reasons, the Downing Defendants request that the Court permit them to file a motion to dismiss Plaintiffs' seventh, eight, and ninth causes of action in full and Plaintiffs' first through fifth causes of action as to Defendants Wagner, Buckingham, Pila, Giffin, Robbie, Haufler, and Auda.

Sincerely,

Sara C. Colón

11766 Wilshire Blvd., Suite 1670 Los Angeles, California 90025  *tel.* (310) 593-9890  *fax* (310) 593-9980  BNSKLAW.COM