

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 8, 2016

**BROWN NERI SMITH & KHAN**

July 7, 2016

**VIA ECF AND EMAIL**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
Courtroom: 618
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

       Re:  **Kiderman et al. v. Downing Investment Partners, LP et al., 16 - cv-04040, First Amended Complaint**

Dear Judge Failla:

I am counsel for Downing Investment Partners, LP; Downing Partners, LLC; Downing Health Technologies, LLC f/k/a Downing Digital Healthcare Group, LLC; Surgical Safety Solutions, LLC; 3SI Systems, LLC; David W. Wagner; Michael H. Shaut; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Greg Auda; Marco Zenati; George Robbie; and Glenn Haufler, (referred to herein collectively as the "Downing Defendants"), in the above-referenced matter.

Pursuant to Your Honor's Individual Rules, we respectfully request an extension of time to move to dismiss the First Amended Complaint ("FAC") to August 1, 2016 (thirty days after its filing). This is the Downing Defendants' first request for an extension of time. The Downing Defendants' current deadline to respond to the FAC is July 14, 2016. Defendant Brad Pulver requested and received from the Court an extension to file his response to the FAC 30 days after the filing of the FAC. The Downing Defendants believe it would be the best use of the parties' and the Court's resources to adjudicate all responses to the FAC on the same timeline. The Plaintiffs have consented to this extension.

I am also writing pursuant to your Honor's individual rules 2(A) and 4(A) because the Downing Defendants expect to file a motion to dismiss,[1] which Plaintiffs intend to oppose. The Downing Defendants are unaware of the other Defendants' positions as to this motion.

The Downing Defendants plan to move to dismiss on behalf of the following entities on the grounds that they are either non-existent entities or are no longer operating under the names in the FAC: Downing Health Technologies, LLC f/k/a Downing Digital Healthcare Group, LLC and Surgical Safety Solutions LLC (all renamed as 3SI Systems LLC, which is named as a Defendant). *See* **Exhibits A-C**.

---

[1] The Downing Defendants previously submitted a letter informing the Court of their intent to file a motion to dismiss the complaint, but the Downing Defendants withdrew that letter pending the filing of the FAC. (*See* Docket No. 69).



### Plaintiffs Fail to State Claims for Fraudulent Inducement, Fraud, or Securities Fraud

The Downing Defendants intend to move to dismiss Plaintiffs' tenth, eleventh, and thirteenth, causes of action, all rooted in fraud, as deficient because they are not plead with the requisite level of particularity as required by Fed. R. Civ. P. Rule 9(b).  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig*, 379 F.Supp.2d 348 (S.D.N.Y. 2005).  Plaintiffs' amended fraud claims continue to rely on conclusory allegations that a blanket group of the Downing Defendants made some unspecified omission or misrepresentation without reference to the content of the misrepresentation, who specifically made it, when it was made, or to which of the Plaintiffs it was made.  Plaintiffs also fail to specify when *each* of the Downing Defendants made the representation to each of the Plaintiffs.  Plaintiffs' new allegations do not cure this defect.

The employment agreements, which are referenced in the complaint but not attached, only identify "Downing Health Technologies LLC", "Downing Digital Healthcare Group, LLC" (both now 3SI Systems LLC), and "IVC Healthcom, LLC", and are signed by defendants Brad Pulver, Marc Lawrence, or Paul Giroux.  *See* **Exhibits D-G**.  Nevertheless, Plaintiffs continue to lump all of the defendants, with the exception of Defendants Shaut, Pulver, and Giroux, together in their allegations regarding employment offers.  (FAC ¶¶ 187–92).

Plaintiffs' thirteenth cause of action for violation of federal securities laws is also subject to the heightened pleading standards under the Private Securities Litigation Reform Act of 1995 (PSLRA).  Plaintiffs' allegations with respect to the Downing Private Placement do not show scienter for each of the Downing Defendants, do not (1) state when or where *each* of the Downing Defendants made the misrepresentations, or (2) adequately allege loss causation.  (FAC ¶¶ 213–20).

Plaintiffs do not state why the alleged misrepresentations were false or allege how or why the Downing Defendants knew them to be false at the time they were made.  FAC ¶¶ 48, 57, 65, 75; *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004).  These allegations still do not come close to pleading scienter for the Downing Defendants.  *See* 15 U.S.C. §78u-4(b)(2).  Plaintiffs also fail to show loss causation.  *See AUSA Life Ins. Co. v. Ernst & Young*, 206 F. 3d 202, 225–226 (2d Cir. 2000).  Further, Plaintiffs' allegations regarding a Ponzi scheme do not support their PLSRA or other fraud claims because they are "on information and belief" without the requisite "statement of the facts upon which the belief is based."  FAC ¶¶ 100, 102, 108, 111; *In re Methyl*, 379 F. Supp. 2d at 369.

### Plaintiffs Fail to State a Claim for Negligent Misrepresentation

As an initial matter, Plaintiffs are precluded from bringing a claim for Negligent Misrepresentation under New York's Martin Act.  N.Y. Gen. Bus. Law Art. 23-A, §§ 352–359; *Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc*., 747 F. Supp. 2d 406, 414 (S.D.N.Y. 2010), *aff'd sub nom. Meridian Horizon Fund, LP v. KPMG (Cayman)*, 487 F. App'x 636 (2d Cir. 2012).  Plaintiffs' claim for Negligent Misrepresentation also fails because it is conclusory.  To allege Negligent Misrepresentation under New York law, a special relationship must exist



independent from contract.  *Ansari v. N.Y. Univ.*, 96 Civ. 5280 (MBM), 1997 U.S. Dist. LEXIS 6863, at *18–19 (S.D.N.Y. May 12, 1997).  Plaintiffs fail to allege any facts to support a "special relationship," other than to assert that Defendants "had a 'special relationship' to Plaintiffs." FAC ¶ 209.  New York courts have specifically declined to recognize employment relationships for claims of Negligent Misrepresentation.  *See Ellis v. Provident Life & Accident Ins. Co.*, 3 F. Supp. 2d 399, 411 (S.D.N.Y. 1998).

### Plaintiffs Fail to State a Claim for Violations of Labor Laws

Plaintiffs second through eighth causes of action also fail to state a claim as to Downing Investment Partners, LP; Downing Partners, LLC; Surgical Safety Solutions LLC; Downing Medical Device Group, LLC; Wagner; Buckingham; Giffin; Robbie; Haufler; and Auda (the "Non-Employer Defendants") because those Defendants cannot be considered Plaintiffs' employers under the Fair Labor Standards Act, New York, California, or Ohio law.  The employment contracts were for employment by Downing Health Technologies LLC, Downing Digital Healthcare Group, LLC (now 3SI Systems, LLC), or IVC Healthcom, LLC, and signed by Defendants Pulver, Lawrence, or Giroux.  *See* **Exs. D–G**. Plaintiffs state no facts to support the argument that the Non-Employer Defendants had the requisite control or involvement be considered Plaintiffs' employers under the FSLA, New York, Ohio, or California law.  *See Herman v. RSR Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999); *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013); 29 U.S.C.A. § 203 (West); Cal. Labor Code § 558.1.  It is not enough to state these elements in a conclusory fashion.  *See Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103052, at *11 (E.D.N.Y. July 24, 2012).

### Plaintiffs Cannot Allege a Cause of Action for Unjust Enrichment

Plaintiffs are barred from asserting their fourteenth cause of action for Unjust Enrichment in conjunction with a claim for breach of contract.  *See* FAC ¶¶ 175–85; 221–26.  These claims are duplicative of each other and should be dismissed.  *See Digizip.com, Inc. v. Verizon Servs. Corp.*, 139 F. Supp. 3d 670, 683 (S.D.N.Y. 2015).

For the foregoing reasons, the Downing Defendants request that the Court permit them to file a motion to dismiss Plaintiffs' tenth through fourteenth causes of action in full and Plaintiffs' second through eighth causes of action as to Defendants Wagner, Buckingham, Pila, Giffin, Robbie, Haufler, and Auda.

Sincerely,

Sara C. Colón

11766 Wilshire Blvd., Suite 1670 Los Angeles, California 90025  *tel.* (310) 593-9890  *fax* (310) 593-9980  BNSKLAW.COM

The Downing Defendants' letter requesting a conference on their proposed motion will toll their time to answer or move, per the Judge's Individual Rules of Civil Practice.  A pre-motion conference will be set for the Downing Defendants' proposed motion to dismiss on **July 22, 2016, at 10:30 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10024.  Following that conference, the Court will set a schedule either for motion practice or for an answer.

Dated:   July 8, 2016          SO ORDERED.
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE