# CMD
## CARMEL, MILAZZO & DICHIARA LLP
### ATTORNEYS AT LAW

July 12, 2016

*Via ECF and Electronic Mail*

The Honorable Katherine Polk Failla
Thurgood Marshall, Unites States Courthouse, Courtroom: 618
40 Foley Square
New York, NY 10017
Email: Failla_NYSDChambers@nysd.uscourts.gov

      Re:    **Kiderman, et al. v. Downing Partners, LLC, et al.**
             **Case No. 16-cv-04040**

Dear Judge Failla:

      This firm represents Plaintiffs David Kiderman, David Hilderbrand, Ryan Detzel and Mark Miller (collectively, "Plaintiffs") in the above-referenced matter. We write in opposition to Defendants Downing Investment Partners, L.P., Downing Partners, LLC, Downing Health Technologies, LLC f/k/a Downing Digital Healthcare Group, LLC, Surgical Safety Solutions, LLC, 3si Systems, LLC, David W. Wagner, Michael H. Shaut, Richard Buckingham, Jeff Rice, Marc M. Lawrence, Michael Grumbine, Brett Giffin, Greg Auda, Marco Zenanti, George Robbie, and Glen Haufler (collectively, the "Downing Defendants") pre-motion letter for a motion to dismiss.[1]

      As set forth below, Downing Defendants' basis for their motion to dismiss is contradictory to applicable law and ignores the overwhelming and specific allegations set forth in the First Amended Complaint ("FAC"), supporting each of claims set forth therein.

## Plaintiffs' Have Pled Fraud with Requisite Particularity

      First, the Downing Defendants assert that Plaintiffs' claims sounding in fraud are not pled with the requisite specificity. Allegations of fraud are governed by Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). However, Rule 9(b)'s requirements "must be read in harmony with the principles established by Rule 8(a)," and should not be construed to require a plaintiff to "plead evidentiary details." *In re Tower Automotive Sec. Litig.*, 483 F.Supp.2d 327, 335 (S.D.N.Y. 2007); see also *Liberty Ridge LLC v. RealTech Sys. Corp.*, 173 F.Supp.2d 129, 137 (S.D.N.Y. 2001) ("courts should not demand a level of specificity in fraud pleadings that can only be achieved through discovery"). "[Rule 9] is intended to provide defendants with fair notice of the plaintiff's claim…." *SEC v. One or more Unknown Traders in Sec. of Onyx Pharma., Inc.*, No. 13-CV-4645, 2014 WL 5026153, at *3 (S.D.N.Y. Sept. 29, 2014), citing *ATSI Commun., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Plaintiffs have satisfied Rule 9(b)'s requirements. The FAC specifies the fraudulent statements, identifies the speakers, identifies when the statements were

---

[1] As an initial matter, Plaintiffs would consent to the dismissal of Defendants Downing Health Technologies, LLC f/k/a Downing Digital Healthcare Group, LLC, and Surgical Safety Solutions, LLC, upon representation from the Downing Defendants that said entities have been consolidated into Defendant 3si Systems, LLC, and that Defendant 3si Systems, LLC is their successor interest.

**CMD**
CARMEL, MILAZZO & DICHIARA LLP
ATTORNEYS AT LAW

made, and explains why the statements were fraudulent. *See* FAC ¶¶ 39-48, 51-57, 60-66, 68-75, 88-89, 91-93, 96-99, 101, 107-109, 111-115.

For example, in *Novak v. Kasaks*, the Second Circuit held that a defendant's representation that the company was "in good shape" or "under control" -- while knowing the contrary to be true at the time the representations to be made – sufficiently alleged the mispresentations forming the basis for a securities fraud claim. 216 F.3d 300, 315 (2d Cir. 2000). The false and misleading statements of fact set forth in the FAC should lead to the same result.

Further, Plaintiffs' allegations pled "upon information and belief" are sufficient to satisfy Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which require "specific facts explaining why each alleged misstatement was false at the time it was made." *Janby v. Canadian Solar, Inc.*, No. 10 Civ. 4430 (RWS), 2012 WL 1080306, at *4 (S.D.N.Y. Mar. 30, 2012). Indeed, "***[pleading] on information and belief is a desirable and essential expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of the plaintiff….***" *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (emphasis added). Additionally, pleadings based upon information and belief may be asserted "where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The allegations "upon information and belief" in the FAC are within the knowledge of Defendants and are therefore sufficient to meet the requirements under Rule 9(b) and the PSLRA.

In addition to their actual participation in the fraud, the Downing Defendants, including Wagner, Buckingham, Giffin, Robbie, Haufler, and Auda are also liable under theories of *respondeat superior* and actual and apparent authority. A principal is liable for the conduct of their agents acting within the scope of their actual or apparent authority. *See, e.g., Barone v. Marone*, No. 04 Civ.2001, 2007 WL 4458118, at *5 n. 11 (S.D.N.Y. Dec. 14, 2007); *McGarry v. Miller*, 158 A.D.2d 327, 328, 550 N.Y.S.2d 896 (1st Dep't 1990). In particular, "a principal may be held liable in tort for the misuse by its agent of his apparent authority to defraud a third party who reasonably relies on the appearance of authority, even if the agent commits the fraud solely for his personal benefit, and to the detriment of the principal." *Parlato v. Equitable Life Ass. Soc'y*, 299 A.D.2d 108, 749 N.Y.S.2d 216, 220–21 (1st Dep't 2002).

### Plaintiffs' State a Claim for Negligent Misrepresentation

Plaintiffs are not precluded from asserting a Negligent Misrepresentation claim under New York's Martin Act. *Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc.*, 18 N.Y.3d 341 (2011). Plaintiffs have pled facts sufficient to support a "special relationship" for such a claim. This is not just an "employee relationship" as Defendants' contend, but rather Defendants solicited investments in a private placement from Plaintiffs. As New York courts have consistently recognized, a "special relationship" is more likely to exist if the misrepresented facts were peculiarly within the Defendant's knowledge. *See Landesbank Baden–Wurttemberg v.*

**CMD**
CARMEL, MILAZZO & DICHIARA LLP
ATTORNEYS AT LAW

*Goldman, Sachs & Co.*, 821 F.Supp.2d 616, 624 (S.D.N.Y. 2011). Specifically, the Downing Defendants knew that were not paying their current employees' salaries at the time Plaintiffs' entered into their employment agreements and invested into the mandatory private placements. Further, none of the other misrepresentations concerning Downing's business relationships, contracts, and status of products were publicly available. As a result, the misrepresented facts were peculiarly within Defendant's knowledge, and the gross inequality between the knowledge of the parties created a special relationship necessary to support a negligent misrepresentation claim.

### Plaintiffs' State a Claim for Violations of Labor Laws

To be held liable under the FLSA, a person must be an "employer," which § 3(d) of the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Herman v. RSR Sec. Svcs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d) (1994)). "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." *Id.* (citing *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973)). "The regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time." *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 66 (2d Cir. 2003). Courts have consistently held that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F.Supp.2d 528, 534 (E.D.N.Y. 2007). As set forth in the FAC, the Downing Defendants all had the requisite control to be considered "employers" under the FLSA, New York, Ohio and California law.

### Plaintiffs' Properly Allege Unjust Enrichment

Both Fed. R. Civ. P. 8(e)(2) and the pleading rules of New York State law permit the pleading of contradictory claims alleging both breach of a contract or, in the alternative, a quasi-contract. *See Paper Corp. of U.S. v. Schoeller Tech. Papers, Inc.*, 742 F.Supp. 808, 812 (S.D.N.Y. 1990). Dismissal of plaintiff's alternative theories at this stage "would violate the liberal policy of Rule 8(e)(2) which allows plaintiffs wide latitude in framing their right to recover." *Seiden Assocs., Inc. v. ANC Hold., Inc.*, 754 F.Supp. 37, 40 (S.D.N.Y. 1991).

In the light of the foregoing, Plaintiffs' respectfully request that Your Honor see through the Downing Defendants' transparent attempt to delay a resolution in this matter and deny their request to file a motion to dismiss.

Very truly yours,

Ross D. Carmel