**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 31, 2016

October 28, 2016

**VIA ECF AND EMAIL**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
Courtroom: 618
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

> Re: Kiderman et al. v. Downing Investment Partners, LP et al., 1:16 - cv- 04040, Second Amended Complaint

Dear Judge Failla:

I am counsel for Downing Investment Partners, LP; Downing Partners, LLC; 3SI Systems, LLC, IVC Healthcom, LLC; David W. Wagner; Michael H. Shaut; Greg Auda; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Marco Zenati; George Robbie; and Glenn Haufler, (referred to herein collectively as the "Defendants"), in the above-referenced matter.

Pursuant to Your Honor's request to counsel during the hearing on September 15, 2016, I send this letter regarding the Defendants' intention to file a partial motion to dismiss. Pursuant to your Honor's individual rules 2(A) and 4(A), the Defendants intend to file a partial motion to dismiss as the second amended complaint does not cure the deficiencies in the first amended complaint.[1] This motion is not on consent of all the parties, as Plaintiffs oppose this motion. However, pursuant to a valid arbitration agreement in Plaintiff Hilderbrand's employment contract, Plaintiffs agree to dismiss the fifth and sixth causes of action relating to Plaintiff Hilderbrand's employment claims. *See* **Ex. A**.

### Plaintiffs Fail to State Claims for Fraudulent Inducement, Fraud, or Securities Fraud

The Defendants intend to move to dismiss Plaintiffs' tenth, eleventh, and thirteenth, causes of action, all rooted in fraud, as deficient because they are not plead with the requisite level of particularity as required by Federal Rule of Civil Procedure Rule 9(b). *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig*, 379 F.Supp.2d 348 (S.D.N.Y. 2005). Plaintiffs do not allege that any statements made by Defendants were knowingly false, nor do they allege certain defendants made any statements at all.

---

[1] The Defendants previously submitted a letter informing the Court of their intent to file a motion to dismiss the complaint, but the Defendants withdrew that letter pending the filing of the amended complaint. (*See* Docket No. 69).

1



The claims of fraudulent inducement and fraud do not allege knowing falsity in the statements made by Shaut, Lawrence, Buckingham, or Wagner. Plaintiffs make vague claims that either Defendants Giffin, Robbie, Grumbine, Haufler, Auda, and Zenati made unspecified statements or that they omitted information that they ought to have disclosed. However, Plaintiffs allege no fiduciary relationship to prompt disclosure, and indicate no false statements made by Defendants Giffin, Robbie, Grumbine, Haufler, Auda, and Zenati. *See, e.g.*, SAC ¶ 210; *United States v. Szur*, 289 F.3d 200, 211 (2d Cir. 2002).

Plaintiffs' thirteenth cause of action for violation of federal securities laws is barred by the Private Placement Memorandum's merger clause, which specifically disclaims information not contained within its pages and notes the speculative nature of the investment. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 165 F.Supp.2d 615, 622 (S.D.N.Y. 2001). This cause of action is also subject to the heightened pleading standards under the Private Securities Litigation Reform Act of 1995 (PSLRA). Plaintiffs' allegations with respect to the Downing Private Placement do not show scienter for each of the Defendants. *See* 15 U.S.C. §78u-4(b)(2). Plaintiffs also fail to show loss causation. *See AUSA Life Ins. Co. v. Ernst & Young*, 206 F.3d 202, 225–226 (2d Cir. 2000). Further, Plaintiffs' allegations regarding a Ponzi scheme do not support their PLSRA or other fraud claims because they are "on information and belief" without the requisite "statement of the facts upon which the belief is based. SAC ¶¶ 34, 47, 70, 74; *In re Methyl*, 379 F. Supp. 2d at 369.

### **Plaintiffs Fail to State a Claim for Violations of Labor Laws**

Plaintiffs second through fourth, seventh, and eighth causes of action also fail to state a claim as to Downing Investment Partners, LP; Downing Partners, LLC; Wagner; Buckingham; Giffin; Robbie; Haufler; and Auda (the "Non-Employer Defendants") because those Defendants cannot be considered Plaintiffs' employers under the Fair Labor Standards Act, New York, California, or Ohio law on the facts alleged. Plaintiffs state no facts to support the argument that the Non-Employer Defendants had the requisite control or involvement be considered Plaintiffs' employers under the FSLA, New York, Ohio, or California Law. Simply noting that the Defendants hold officer positions is not enough to establish an employer relationship under these statutes. *See Herman v. RSR Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999); *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013); 29 U.S.C.A. § 203 (West); Cal. Labor Code § 558.1. An employee-employer relationship cannot merely be alleged in a conclusory fashion. *See Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103052, at *11 (E.D.N.Y. July 24, 2012).

/ / /
/ / /

11766 Wilshire Blvd., Suite 1670 Los Angeles, California 90025  tel. (310) 593-9890  fax (310) 593-9980  BNSKLAW.COM



For the foregoing reasons, the Defendants request that the Court permit them to file a partial motion to dismiss Plaintiff Hilderbrand's fifth and sixth causes of action; Plaintiffs' tenth, eleventh, thirteenth and fourteenth causes of action in full; and Plaintiffs' second through fourth, seventh, and eighth causes of action as to Defendants Downing Investment Partners, LP, Downing Partners, LLC, Wagner, Buckingham, Giffin, Robbie, Haufler, and Auda.

Sincerely,

Sara C. Colón

```
Application GRANTED.  Defendants' partial motion to dismiss the
Second Amended Complaint and their brief in support thereof are
due December 5, 2016; Plaintiffs' opposition brief is due
January 13, 2017; Defendants' reply brief is due January 30,
2017.

Dated:     October 31, 2016           SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

11766 Wilshire Blvd., Suite 1670 Los Angeles, California 90025  tel. (310) 593-9890  fax (310) 593-9980  BNSKLAW.COM