Ethan J. Brown (SBN 218814)
 ethan@bnsklaw.com
Sara C. Colón (SBN 281514)
 sara@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11766 Wilshire Boulevard, Suite 1670
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Defendants*
Downing Investment Partners, LP; Downing Partners, LLC; 3SI Systems, LLC; IVC Healthcom, LLC; David W. Wagner; Michael H. Shaut; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Marco Zenati; George Robbie; and Glenn Haufler

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID HILDERBRAND; DAVID KIDERMAN; RYAN DETZEL; MARK MILLER,<br><br>             Plaintiffs,<br>v.<br><br>DOWNING INVESTMENT PARTNERS, LP; DOWNING PARTNERS, LLC; 3SI SYSTEMS, LLC; IVC HEALTHCOMM, LLC; DAVID W. WAGNER; MICHAEL H. SHAUT; RICHARD BUCKINGHAM; JEFF RICE; MARC M. LAWRENCE; MICHAEL GRUMBINE; BRETT GIFFIN; MARCO ZENATI; GEORGE ROBBIE; GLENN HAUFLER; and BRAD PULVER;<br><br>             Defendants. | Case No.: 16-CV-04040<br><br>**NOTICE OF AND UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS DOWNING INVESTMENT PARTNERS, LP; DOWNING PARTNERS, LLC; 3SI SYSTEMS, LLC; IVC HEALTHCOM, LLC; DAVID W. WAGNER; MICHAEL H. SHAUT; RICHARD BUCKINGHAM; JEFF RICE; MARC M. LAWRENCE; MICHAEL GRUMBINE; BRETT GIFFIN; MARCO ZENATI; GEORGE ROBBIE AND GLENN HAUFLER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: May 31, 2016 Trial Date: Not yet set<br><br>[Declaration of Ethan J. Brown filed concurrently] |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law and Declaration of Ethan J. Brown filed herewith, Brown Neri Smith & Khan, LLP ("BNSK") counsel of record for Defendants Downing Investment Partners, LP; Downing Partners, LLC; 3SI Systems, LLC; IVC Healthcom, LLC; David W. Wagner; Michael H. Shaut; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Greg Auda; Marco Zenati; George Robbie and Glenn Haufler (collectively, "the Downing Defendants"), moves this Court at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 618, 40 Foley Square New York, NY 10007, before the Honorable Katherine Polk Failla, United States District Judge, for an order granting leave to BNSK to withdraw from representation of the Downing Defendants, pursuant to Local Rule 1.4.

BNSK brings this motion on the grounds that the Downing Defendants have failed to meet their obligations under their agreement with BNSK, have been provided notice thereof, and withdrawal will not disrupt this proceeding. The Downing Defendants have been informed of BNSK's withdrawal and do not oppose.

Dated: December 21, 2016                      Respectfully Submitted,
                                              BROWN NERI SMITH & KHAN, LLP

                                              By:    /s/   Sara C. Colón

                                              *Attorneys for Defendants*,
                                              Downing Investment Partners, LP; Downing
                                              Partners, LLC; 3SI Systems, LLC; IVC
                                              Healthcom, LLC; David W. Wagner; Michael H.
                                              Shaut; Richard Buckingham; Jeff Rice; Marc M.
                                              Lawrence; Michael Grumbine; Brett Giffin; Marco
                                              Zenati; and George Robbie

I. **INTRODUCTION/FACTS**

When this case was filed, Defendant David W. Wagner retained counsel of record Brown Neri Smith & Khan, LLP to represent himself, Downing Investment Partners, LP; Downing Partners, LLC; 3SI Systems, LLC; IVC Healthcom, LLC; Michael H. Shaut; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Marco Zenati; George Robbie and Glenn Haufler (collectively, the "Downing Defendants").[1]

As set forth more fully in the Declaration of Ethan J. Brown ("Brown Decl."), BNSK seeks leave to withdraw as counsel of record for the Downing Defendants because the Downing Defendants have breached their contractual obligations to BNSK by failing to timely pay their legal fees and expenses.

Prior to making this Motion, BNSK informed the Downing Defendants, that it would move the Court to withdraw for the stated reason. During the course of BNSK's representation of the Downing Defendants in this proceeding, BNSK has performed a substantial amount of work in connection with the pleading and discovery phases of this action, and has moved to partially dismiss some of Plaintiffs' claims (Dkt. No. 98 and 99).

Despite the substantial amount of work completed on their behalf, the Downing Defendants have failed to live up to their contractual obligations to pay BNSK's legal fees and expenses on a timely basis. (Brown Decl., ¶ 3.) BNSK has made repeated requests for payment, but the Downing Defendants have left substantial sums unpaid and outstanding for legal services rendered in this action. (*Id.*, ¶ 4.) BNSK informed the Downing Defendants that it would be forced to withdraw from representation if the fees and expenses were not paid, and the Downing Defendants did not oppose withdrawal. (*Id.*, ¶ 5.)

This case is still early in development and, neither this case, nor the Downing Defendants are prejudiced by BNSK's withdrawal. In fact, Plaintiffs amended their complaint for a second time on October 7, 2016 (Dkt. No. 88), and the Downing Defendants only recently filed a motion

---

[1] BNSK is currently counsel of record for the Downing Defendants. To the extent that BNSK also represents any dismissed Defendants, BNSK is also requesting leave to withdraw from any further representation if necessary.

to partially dismiss the complaint. (Dkt. No. 98 and 99.) The case is not currently at issue at there is no trial date set.

BNSK respectfully requests this Court grant BNSK's request for leave to withdraw from representation.

## II. ARGUMENT

### A. Withdrawal of Counsel is Permitted Only Via Court Order

BNSK can only withdraw from representation by an order of the Court and such an order is justified in the circumstances. "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." Local Rule. 1.4. In addition to the Local Rules, withdrawal under the NYS CLS Rules of Professional Conduct, Rule 1.16(d) only permits withdrawal upon court order if required. *Id.* As demonstrated below, the Downing Defendants deliberate disregard to meet their contractual obligations with BNSK permits BNSK to withdraw.

BNSK respectfully requests this Court grant BNSK with leave to withdraw from representation.

### B. Withdrawal is permitted for Failure to Meet Contractual Obligations

The failure of the Downing Defendants to meet their contractual obligations with BNSK permits withdrawal from representation. "[A] lawyer may withdraw from representing a client when: (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." NYS CLS Prof'l Cond., Rule 1.16(c)(5). "A client's refusal to pay attorney's fees may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2nd Cir. 2006).

Courts in this district are of the opinion that the failure to pay legal fees and expenses is a satisfactory reason for allowing leave to withdraw from representation. "Although there is not clear standard for what may be considered a 'satisfactory reason' for allowing

withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *3 (S.D.N.Y. Feb. 17, 2011); *Cower v. Albany Law School of Union Univ.*, No. 04 Civ. 643, 2005 U.S. Dist. LEXIS 13667, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ["It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw."]; *See also Boyle v. Revici, M.D.*, No 83 CIV.8997, 1987 U.S. Dist. LEXIS 11541, at *1-2 (S.D.N.Y. Dec. 9, 1987) [holding that Defendants who had $25,000 due to law firm and who failed to provide law firm with assurance that payment would be made in the future "deliberately disregarded" their agreement or obligation to pay legal fees].

BNSK has tried without any success to obtain payment for the legal services provided. The Downing Defendants have had notice of the failure to pay for a significant period of time and BNSK cannot continue to represent them when the Downing Defendants refuse to meet their contractual obligations.

BNSK respectfully requests this Court grant this motion and permit BNSK to withdraw from representation.

### C. Withdrawal from Representation will not Disrupt the Schedule of this Proceeding

The case is not at issue yet, and BNSK's withdrawal will not disrupt the prosecution or defense otherwise. "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320-321 (2nd Cir. 1999).

Here the case is not even at issue yet. Plaintiffs have only recently filed their second amended complaint (Dkt. No. 88) and the Downing Defendants filed a partial motion to dismiss (Dkt. No. 98 and 99.) Discovery has only begun and there is no trial date currently set. In *Brown v. National Survival Games*, the Court held that withdrawal of representation would not disrupt the matter because "although the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial. Thus, granting the instant motion [to withdraw] will not likely cause undue delay." *Id.*, 91-CV-221, 1994 U.S. Dist. LEXIS 16572, at *9-10 (N.D.N.Y Nov. 17, 1994.) This case is identical to the posture of *Brown v. National Survival*

*Games*, and permitting BSNK to withdraw from representation will not cause disruption or undue delay.

For the foregoing reasons, BNSK respectfully requests this Court grant this Motion and permit BNSK to withdraw from representing the Downing Defendants.

### III.     CONCLUSION

The Downing Defendants have deliberately disregarded their duties and obligations to BNSK, have been provided sufficient notice to cure, and BNSK's withdrawal from representation will not disrupt these proceedings. BNSK respectfully requests this Court grant this Motion.


Dated: December 21, 2016                  Respectfully Submitted,
                                          BROWN NERI SMITH & KHAN, LLP


                                          By:    /s/   Sara C. Colón

                                          *Attorneys for Defendants*,
                                          Downing Investment Partners, LP; Downing Partners, LLC; 3SI Systems, LLC; IVC Healthcom, LLC; David W. Wagner; Michael H. Shaut; Richard Buckingham; Jeff Rice; Marc M. Lawrence; Michael Grumbine; Brett Giffin; Marco Zenati; and George Robbie