```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 21, 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID HILDERBRAND, DAVID KIDERMAN  :   Case No.: 16-cv-04040
RYAN DETZEL, and MARK MILLER,      :
                                   :
           Plaintiffs,             :
                                   :   **WRIT OF ATTACHMENT**
      -against-                    :
                                   :
DOWNING INVESTMENT PARTNERS, LP,   :
DOWNING PARTNERS, LLC,             :
3SI SYSTEMS, LLC, IVC HEALTHCOM, LLC,  :
DAVID W. WAGNER, MICHAEL H. SHAUT, :
GREG AUDA, RICHARD BUCKINGHAM,     :
JEFF RICE, MARC M. LAWRENCE,       :
MICHAEL GRUMBINE, BRETT GIFFIN,    :
MARCO ZENATI, GEORGE ROBBIE,       :
and GLENN HAUFLER,                 :
                                   :
           Defendants.             :
-----------------------------------------------------------------x

Plaintiffs David Hilderbrand, David Kiderman, Ryan Detzel and Mark Miller (collectively, "Plaintiffs") having moved pursuant to CPLR 6201 *et seq*., for a Writ of Attachment against the property of Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner, in the this action,

NOW UPON the reading and filing of the Affidavit of David Hilderbrand, sworn to November 11, 2016, and the exhibits annexed thereto, Affidavit of David Kiderman, sworn to November 14, 2016, and the exhibits annexed thereto, Affidavit of Ryan Detzel, sworn to November 14, 2016, and the exhibits annexed thereto, Affidavit of Mark Miller, sworn to November 11, 2016, and the exhibits annexed thereto, the Affirmation of Ross D. Carmel, dated November 15, 2016, and the exhibits annexed thereto, the Memorandum of Law in Support, dated November 15, 2016, the Affidavit of David W. Wagner, dated November 16, 2016, the

Memorandum of Law in Opposition, upon all prior pleadings and proceedings had herein, including, without limitation, the conferences held by the Court on May 25, 2017 and July 28, 2017, and the parties having been heard in support of, and in opposition to Plaintiffs' motion, wherein, for the reasons stated in the Court's oral rulings at the conference held by the Court on July 28, 2017, it appears that causes of action for a money judgment exist in favor of Plaintiffs and against Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner for the sum stated herein in Plaintiffs' Affidavits in the amount of up to $3,000,000, and that Plaintiffs are entitled to recover that sum over all counterclaims or setoffs known to them, plus costs and disbursements, and it being further shown that the Plaintiffs are entitled to an order of attachment against the property of Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner, subject to the terms and conditions of this Order and the Receivership Order (as defined below), on the grounds that the Defendants are non-domiciliaries of the State of New York and their financial position and past history pose a real risk of enforcing a future judgment, and

NOW UPON considering the proceedings pending in this Court in the action captioned *Wesley Holdings Ltd. v. 3si Systems, LLC, et al.*, Case No. 17-cv-3662 (the "Wesley Litigation"), including but not limited to (i) the June 15, 2017 joint letter submitted in the Wesley Litigation by Plaintiffs and Wesley Holdings Ltd. ("Wesley Holdings") (Wesley Litigation ECF No. 48); (ii) the Court's oral rulings regarding Wesley Holdings' motion for the appointment of a receiver, stated by the Court at the conference conducted by the Court on July 28, 2017, and (iii) the Order Granting Motion for the Appointment of a Receiver, which appoints a receiver (the "Receiver") over all of the assets of 3si Systems, LLC (collectively, the "3si Collateral") and

grants the Receiver certain powers in connection with that receivership (the "Receivership Order" – Wesley Litigation ECF No. __), it is hereby

ORDERED that the sheriff of the City of New York or of any county in the State of New York, (a) attach property of Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner, within their jurisdiction, at any time before final judgment herein, by levy upon any interest of Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner in personal property and/or upon any debts owed to the Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner, (b) levy upon any interest of Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner in real property within their jurisdiction, up to $3,000,000, and (c) hold and safely keep all such property and debts paid, delivered, transferred or assigned to him or her or taken into custody, to answer any judgment that may be obtained against Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner; provided, however, that notwithstanding anything in this Order, any action involving or against the 3si Collateral shall be subject to the terms and conditions of this Order and the Receivership Order; it is further

ORDERED that non-domiciliaries 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData and David W. Wagner deliver all out-of-state personal property into the City of New York, New York State so that such property may be levied upon by a sheriff; provided, however,

that notwithstanding anything in this Order, any action involving or against the 3si Collateral shall be subject to the terms and conditions of this Order and the Receivership Order; it is further

ORDERED that Plaintiffs' undertaking be and the same hereby is fixed in the sum of $500.00, of which amount the sum of $500.00 thereof is conditioned that the Plaintiffs will pay to the Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner recover judgment or it is finally determined that the Plaintiffs were not entitled to an attachment of Defendants Downing Investment Partners LP, Downing Partners, LLC, 3si Systems, LLC, IVC Healthcom, LLC n/k/a Vox MediData, and David W. Wagner's property, and the balance thereof is conditioned that the Plaintiffs will pay to the sheriff all of the allowable fees; it is further

ORDERED that the amount to be secured by this Writ of Attachment, including any interest, costs, and sheriff fees and expenses shall be $3,000,000; it is further

ORDERED that notwithstanding anything in this Order, any grant of attachment, levy or other relief granted by this Order shall not affect the priority or effectiveness of Wesley Holdings' first priority lien over the 3si Collateral; it is further

ORDERED that notwithstanding anything in this Order, the Receiver is granted all necessary authority to gather and recover the 3si Collateral, including 3si Collateral transferred away from 3si Systems, LLC to third parties or other Defendants in this action, as authorized by the Court in the Receivership Order; and it is further

- 5 -

ORDERED that notwithstanding anything in this Order, the Receiver shall be permitted to market and sell the 3si Collateral, and any other assets collected by the Receiver, in a Court-supervised sale or auction, with the proceeds of any such sale or auction first being used to pay the cost of the sale and receivership proceedings, then to satisfy Wesley Holdings' secured claims including any receivership loans, then to be distributed to other creditors in accordance with applicable law.

DATED: August 21, 2017
       New York, New York

SO ORDERED

_____
Hon. Katherine Polk Failla, U.S.D.J.