Kevin T. Roberts (*pro hac vice*)
THE ROBERTS LAW FIRM
7622 Columbia Road
Olmsted Falls, OH  44138
Telephone: (440) 793-6255
Facsimile: (440) 793-6256

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID KIDERMAN, et.al.,<br>    Plaintiffs,<br> v.<br>DOWNING INVESTMENT PARTNERS, LP, et.al.,<br>    Defendants. | CASE NO. 16-CV-04040<br><br>JUDGE: KATHERINE POLK FAILLA<br><br>**ANSWER OF DEFENDANT MICHAEL H. SHAUT** |

  Now comes Defendant Michael Shaut, for his Answer to the Second Amended and Complaint, responds as follows:

1) Defendant denies the allegations of Paragraphs 1-6.

2) Defendant admits each Plaintiff is an individual, as alleged in Paragraph 7-10, but is without sufficient knowledge to affirm or deny their residency or citizenship, except that he believes Plaintiff Detzel was a resident of Ohio at the time he briefly met him.

3) Defendant denies Downing Investment Partner, L.P.'s principal place of business was in New York City or in the State of New York, but admits the remainder of Paragraph 11.

4) Defendant denies Downing Partners' principal place of business was in New York City or in the State of New York, but admits the remainder of Paragraph 12.

1

5) Defendant admits the allegations of Paragraphs 13 and 14.

6) Defendant denies that the allegations in Paragraph 15 are currently true.

7) Defendant admits David M. Wagner is an individual and citizen of Rhode Island, and, based on Defendant's most recent knowledge, believes Wagner still holds the positions attributed to him, as set forth in Paragraph 16.

8) Defendant admits he is an individual and citizen of Ohio, but denies the remaining allegations of Paragraph 17.

9) Defendant admits the persons named in Paragraphs 18-26 are all individuals, but denies for want of sufficient knowledge the remaining allegations of Paragraphs 18-26.

10) Defendant denies there is subject matter jurisdiction, as alleged in Paragraph 27.

11) Defendant denies the allegations of Paragraphs 28-30, alleging this Court has supplemental jurisdiction over the state law claims, that venue is proper, that the Court has personal jurisdiction, and the Court has "long arm" jurisdiction under New York law.  As alleged in the Second Amended Complaint itself, Plaintiffs have wholly independent causes of action based on conduct and transactions occurring in California, Pennsylvania, Massachusetts, Ohio and elsewhere outside this Court's jurisdiction, and involving entirely different corporate Defendants and employers, all based outside of Boston. Nothing of consequence occurred in New York State. The only relationship to New York is Plaintiff Kiderman's alleged residence in New York City.

12) Defendant denies the allegations of Paragraphs 32-34.

13) Defendant recalls meeting Plaintiff Detzel informally in Ohio, but denies the remaining allegations of Paragraphs 35-45. Defendant notes that no employment contracts, investment PPM or subscription agreement are attached to the Second Amended Complaint.

14) Defendant recalls meeting Plaintiff Kiderman informally in Ohio, but denies the remaining allegations of Paragraphs 46-55. Defendant notes that no employment contracts, investment PPM or subscription agreement are attached to the Second Amended Complaint (or the original Complaint, or First Amended Complaint).

15) Defendant denies the allegations of Paragraphs 56-66 because the sole allegation against him is untrue, and he has no knowledge of the facts alleged in the remaining allegations. Moreover, this Defendant notes that the Second Amended Complaint alleges Mr. Giroux himself was not paid for more than a year at the time Mr. Giroux (e.g., Paragraph 96) made the representations attributed to him, which implicates Mr. Giroux as a superseding cause of Plaintiff Miller's damages.

16) With respect to the allegations of Paragraphs 67-124, Defendant specifically denies the allegations of wrongdoing identifying and implicating him. Defendant admits his efforts resulted in over $4,000,000 of investments in the Spring of 2015, and another $1,250,000 in Spring of 2016, from third party passive investors who were not asked to, did not want to, and did not become employees of any entity. Defendant denies all other allegations in all Paragraphs for want of sufficient personal knowledge of the events described and alleged, except that there may have been a period when David Wagner claimed a $60,000 per month management fee.

17) Defendant denies any knowledge of, involvement in, being a party to or liability arising from the alleged "settlement" and note with Plaintiff Miller described in Paragraphs 124-130.

18) In response to reincorporation Paragraph 130, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

19) Defendant denies each and every allegation set forth in Paragraphs 131-137.

20) In response to reincorporation Paragraph 138, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

21) Defendant denies each and every allegation set forth in Paragraphs 139-145.

22) In response to reincorporation Paragraph 146, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

23) Defendant denies each and every allegation set forth in Paragraphs 147-151.

24) In response to reincorporation Paragraph 152, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

25) Defendant denies each and every allegation set forth in Paragraphs 153-158.

26) In response to reincorporation Paragraph 159, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

27) Defendant denies each and every allegation set forth in Paragraphs 160-165.

28) In response to reincorporation Paragraph 166, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

29) Defendant denies each and every allegation set forth in Paragraphs 167-172.

30) In response to reincorporation Paragraph 173, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

31) Defendant denies each and every allegation set forth in Paragraphs 174-179.

32) In response to reincorporation Paragraph 180, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

33) Defendant denies each and every allegation set forth in Paragraphs 181-186.

34) In response to reincorporation Paragraph 187, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

35) Defendant denies each and every allegation set forth in Paragraphs 188-197.

36) In response to reincorporation Paragraph 198, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

37) Defendant denies each and every allegation set forth in Paragraphs 199-206.

38) In response to reincorporation Paragraph 207, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

39) Defendant denies each and every allegation set forth in Paragraphs 208-215.

40) In response to reincorporation Paragraph 216, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

41) Defendant denies each and every allegation set forth in Paragraphs 217-224.

42) In response to reincorporation Paragraph 225, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

43) Defendant denies each and every allegation set forth in Paragraphs 226-232.

44) In response to reincorporation Paragraph 233, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

45) Defendant denies each and every allegation set forth in Paragraphs 234-238.

46) In response to reincorporation Paragraph 239, Defendant reincorporates as if fully rewritten herein each and every Paragraph of his Answer set forth above.

47) Defendant denies each and every allegation set forth in Paragraphs 240-246, for want of knowledge.

48) Defendant prays that judgment on Plaintiffs' causes of action be denied, that all claims and causes of action against him be dismissed, with all costs, fees and expenses of this action assessed against the Plaintiffs.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to detail individualized investment, employment and contract claims against specific Defendants, including this Answering Defendant, as required by the Civil Rules.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against this Answering Defendant are barred by lack of privity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff Hilderbrand's claims are barred to the extent such claims are subject to arbitration and/or have been submitted to arbitration.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against this Answering Defendant are barred because there has never existed any factual or legal authority for this Defendant to be sued under any applicable law, as, for example, he was never the employer of any Plaintiff, he did not authorize the statements

attributed to him, did not hold all the offices and positions he is alleged to have held, and in no office or position that he held, did he control or direct, have knowledge of, or ratify the "Ponzi Scheme" alleged to have occurred.

## SEVENTH AFFIRMATIVE DEFENSE

This Answering Defendant has no personal liability to any Plaintiff by virtue of any office or position he formerly held at any named entity, or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own negligence and/or contributory negligence, e.g., for failing to conduct due diligence through private and publicly available sources, and for failing to ask for documentation and proof of statements they claim to have heard and relied on.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are sophisticated, knowledgeable investors, familiar with new ventures and "startups," who expressly assumed the risk of the complete loss of their investment(s) at issue in this matter, including but not limited to, by their execution of Subscription Agreements for their investments.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they claim to rely on oral or written representations not contained in their investment contracts, particularly their Subscription Agreements, as such documents contain an integration clause barring such reliance or claim.

ELEVENTH AFFIRMATIVE DEFENSE

To the extent any or all Plaintiffs claim to have lost their life savings, retirement savings, or to have suffered severe or intolerable financial losses from their investment(s), then they misrepresented themselves as sophisticated, "accredited investors" under applicable Federal and State securities and investment law(s), as "accredited investors" must affirm they can bear and tolerate such losses, and do accept that risk.

TWELFTH AFFIRMATIVE DEFENSE

This Answering Defendant states he did not profit from the conduct and scheme alleged to have occurred, but has lost over $1,000,000, including an initial cash investment of $500,000, by investing in Downing Investment Partners, L.P., by loaning personal funds to various named entities, and foregoing contractual employment benefits himself.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against this Defendant are barred by the Statute of Frauds, that is, the non-existence of any written agreement between each or any of them and Michael Shaut, which was executed by Michael Shaut in his personal capacity or any other capacity on behalf of any entity.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties, e.g., the Mr. Giroux they claim personally made misrepresentations about the strong financial condition of various entities when he had not been paid them himself for considerable period, as long as one year.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are limited by their failure to mitigate their damages at the earliest opportunity, and offset by the compensation they have received from other positions or employment after leaving the named entities but before any specific end-term of the alleged contracts with Defendant entities, and offset by any compensation they received for labor, consulting or services performed for themselves alone or on behalf of third parties not named in this suit, after they began with the Defendant entity each named here but before they left.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to bonus or additional compensation based on performance if, as alleged, there were no products to sell and no task for them to perform.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were not employees as a matter of law during any period in which there were no product(s) to sell, no task for them to perform, and no money to pay them. During any such period, they were constructively discharged. Any services performed during any such period, with knowledge of such conditions, was voluntary service to promote and profit from their investment(s).

EIGHTEENTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction over this answering Defendant.

NINTEENTH AFFIRMATIVE DEFENSE

Lack of subject matter jurisdiction over this answering Defendant.

This answering Defendant reserves the right to raise and assert such additional affirmative defenses as may be necessitated by information and facts learned during discovery in this and related matters, and during the trial of this matter.

Wherefore, having fully answered, Defendant Michael Shaut Defendant prays that judgment on Plaintiffs' causes of action be denied, and that all claims and causes of action against him be dismissed, with all costs, fees and expenses of this action assessed against the Plaintiffs.

Respectfully submitted,

/s/ Kevin T. Roberts
KEVIN T. ROBERTS (Ohio Reg. 37479)
Admitted Pro Hac Vice
The Roberts Law Firm
7622 Columbia Road
Olmsted Falls, Ohio   44138
Phone: (440) 793-6255
Fax: (440) 793-6256
ktr@kevinrobertslaw.com
*Attorney for Defendant Michael H. Shaut*

CERTIFICATE OF SERVICE

This is to certify that on September 8, 2017, I caused the foregoing Answer of Michael H. Shaut to be filed in accordance with the ECF Filing System.  Parties may access this filing through the system.

/s/ Kevin T. Roberts
KEVIN T. ROBERTS (Ohio Reg. 37479)
Admitted Pro Hac Vice
*Attorney for Defendant Michael H. Shaut*